IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARL E. SPICER,         ) | |
|                         ) | |
|         Plaintiff,      ) | |
|                         ) | |
| v.                      ) | Case No. CIV-07-1387-D |
|                         ) | |
| MICHAEL J. ASTRUE,      ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
|                         ) | |
|         Defendant.      ) | |

## **REPORT AND RECOMMENDATION**

Mr. Spicer applied for supplemental security income based on an alleged disability, and the Social Security Administration denied the application. Administrative Record at pp. 5-7, 14, 20, 34-35 (certified Feb. 22, 2008) ("Rec."). The present action followed, with Mr. Spicer alleging error in the consideration of a treating physician's opinion. The Court should order reversal and remand for further proceedings.

I.      STANDARD OF REVIEW

The Court must determine whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the administrative decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th

Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

II.     LEGAL ERROR IN THE CONSIDERATION OF DR. POTTS' OPINION

As alleged by Mr. Spicer, the administrative law judge erred when she assessed the opinion of a treating physician, Dr. Kent Potts.

    A.     The Duty to Assess a Treating Physician's Opinion

An administrative law judge must follow a specific process when she assesses a treating source's opinion. First, the judge must determine whether the opinion qualifies for controlling weight. *See Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (*per curiam*). This evaluation entails a determination of whether the opinion is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" *Id.* (citation omitted). If not, the inquiry ends. *See id.* But if the opinion is well-supported, the judge must confirm that the opinion is consistent with other substantial evidence in the record. *See id.* If the opinion is deficient, it is not entitled to controlling weight. *See id.* At that point, the administrative law judge must weigh the opinion based on multiple factors[1] and "give

---

[1]     These factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [administrative law judge's] attention which tend to support or contradict the opinion.

*Robinson v. Barnhart*, 366 F.3d at 1082 (citing 20 C.F.R. § 404.1527 & Social Security Ruling 96-

good reasons" for the weight assigned to the opinion. *Id.* The judge may reject a treating source's opinion outright only on the basis of contradictory medical evidence. *See id.* If the judge rejects the opinion completely, she must give "'specific, legitimate reasons.'" *Id.* (citation omitted).

### B. The Administrative Law Judge's Errors in the Assessment of Dr. Potts' Opinions

Dr. Potts treated the Plaintiff from March 2006 to July 2007 for high blood pressure. *See* Rec. at pp. 266-68, 280-82, 285-90, 294-97, 305-308, 312-20, 331-49. In July 2006, Dr. Potts stated that the Plaintiff:

- suffered "strikingly elevated" blood pressure,

- could not stoop, and

- could not return to jobs involving manual labor.

*Id.* at p. 316.

In the administrative decision, the judge noted:

- Dr. Potts' characterization of the Plaintiff's blood pressure as "malignant" on July 7, 2006, and

- the physician's limitation on stooping.

*Id.* at p. 18; *see id.* at p. 318. But the judge ultimately concluded that Mr. Spicer did not suffer a "disabling hypertensive condition." *Id.* at p. 18. The judge's conclusion entailed legal error.

---

2p).

Inability to Perform Manual Labor

In part, Dr. Potts expressed an opinion that Mr. Spicer could not return to jobs involving manual labor. *See supra* p. 3. As Mr. Astrue points out, this assessment involved an issue reserved to the Commissioner.[2] But the administrative law judge still had to consider Dr. Potts' opinion on the inability to perform manual labor.[3] The judge failed to do so, and the omission constituted reversible error.[4]

Hypertension

Dr. Potts also expressed an opinion that Mr. Spicer had "strikingly elevated" blood pressure. *See supra* p. 3. The administrative law judge appeared to discount this characterization, remarking that Dr. Potts' records were "inconsistent with a disabling hypertensive condition." Rec. at p. 18; *see supra* p. 3. The judge pointed to:

- a blood pressure reading of 143/95 in December 2006 and

- a notation of "well-controlled" blood pressure on discharge following a hospital stay in March 2006.

---

[2] *See* 20 C.F.R. § 416.927(e)(1) & (3); *see also* Social Security Ruling 96-5p, Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 1996 WL 374183, Westlaw op. at 2 (July 2, 1996) (stating that the issue involving the existence of a "disability," under the Social Security Act, is reserved to the Commissioner).

[3] *See* Social Security Ruling 96-5p, Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 1996 WL 374183, Westlaw op. at 3 (July 2, 1996) ("opinions from any medical source on issues reserved to the Commissioner must never be ignored"); *see also* 20 C.F.R. § 416.927(e)(1) ("we review all of the medical findings and other evidence that support a medical source's statement that you are disabled").

[4] *See Lackey v. Barnhart*, 127 Fed. Appx. 455, 457-58 (10th Cir. Apr. 5, 2005) (unpublished op.) (reversing because the administrative law judge had failed to properly evaluate an examining physician's opinion on an issue reserved to the Commissioner).

Rec. at p. 18. The two cited documents did not supply a legitimate basis to discount Dr. Potts' characterization of the blood pressure as "strikingly elevated."

At one examination in March 2006, Dr. Potts did note that the blood pressure "was well controlled." Rec. at p. 266. And, in December 2006, the physician did refer to a blood pressure reading of 143/95. *Id.* at p. 336. But the judge had a duty to view these references in the context of the entire record. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) ("our review is based on the record taken as a whole" (citation omitted)). The judge failed to do so, ignoring the treatment that had led to the moderate blood pressure readings and disregarding Mr. Spicer's continued experience with hypertension.

First, although the blood pressure was eventually controlled in March 2006, Dr. Potts noted that the reading had been "strikingly elevated" prior to treatment. Rec. at p. 266. Although the blood pressure declined, it did so only after cardiac catheterization, angioplasty, and coronary bypass. *Id.* And in December 2006, despite an eventual reading of 143/95, the blood pressure had started at 200/121. *Id.* at p. 336. The decline occurred only after administration of Lopressor, Labetalol, and Clonidone. *Id.* The administrative law judge ignored the extensive treatment that had precipitated the later blood pressure results.

Second, the judge disregarded the subsequent elevation of blood pressure. For example, roughly four months after the "well controlled" reading in March 2006, Dr. Potts noted a reading of 220/120 and stated that the Plaintiff's blood pressure "[was] extremely

high despite medical therapy." *Id.* at 317. And roughly five months later, Dr. Potts characterized a blood pressure reading of 225/150 as "uncontrolled." *Id.* at p. 331.

When the record is viewed as a whole, the administrative law judge could not reasonably rely on characterization of the blood pressure reading in March 2006 as "well-controlled" and in December 2006 as "slightly elevated." As a result, the Court should conclude that the rationales were not valid foundations on which to reject Dr. Potts' opinion.

Mr. Astrue defends the administrative law judge's treatment of the opinion by relying on:

- Mr. Spicer's continuing smoking habit,

- the Plaintiff's failure to use the drug Dilantin since January 2006,

- "stable" and "satisfactory" hospital discharges in July and September 2004,

- findings relating to consultative physical and psychological examinations in March and June 2005, and

- Dr. Potts' questioning whether the Plaintiff had regularly taken his medication.

The Court should reject the Defendant's explanations because the administrative law judge had not relied on them. *See* Rec. at pp. 14-20;[5] *see also Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the [administrative law judge's] decision that are not apparent from the [judge's] decision itself." (citation omitted)).

---

[5] The decision did note the Plaintiff's continued smoking, non-use of Dilantin, reports from consultative physicians, and the hospital visits in July and September 2004. *See* Rec. at p. 18. But the references were not associated with the judge's rejection of Dr. Potts' opinions.

Inability to Stoop

Dr. Potts also concluded that Mr. Spicer had no ability to stoop. *See supra* p. 3. The administrative law judge acknowledged this opinion, but did not say whether she agreed or disagreed. *See* Rec. at p. 18. Instead, the judge simply found an ability to "occasionally" stoop without any discussion of Dr. Potts' contrary assessment. *Id.* at p. 16. The judge's implicit rejection of the opinion, without any explanation, constituted error.[6] *See Parton v. Apfel*, 3 Fed. Appx. 825, 827-28 (10th Cir. Feb. 2, 2001) (unpublished op.).[7]

C.    Summary

The administrative law judge failed to comply with the legal requirements for consideration of Dr. Potts' opinions. The errors were fatal, requiring reversal and remand for further proceedings.

---

[6] The Social Security Administration has stated that an inability to stoop would "significantly erode the unskilled sedentary occupational base." Social Security Ruling 96-9p, Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work - Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work, 1996 WL 374185, Westlaw op. at 8 (July 2, 1996). In this case, a vocational expert testified that the stooping for sedentary jobs would be "at the occasional level or perhaps less." Rec. at pp. 388-89. Perhaps in light of this testimony, the administrative law judge concluded that the Plaintiff could perform "sedentary unskilled" work. *Id*. at p. 19. In the present case, the Court need not consider the potential harmlessness of the failure to discuss Dr. Potts' opinion on a stooping limitation.

[7] In *Parton v. Apfel*, the administrative law judge found that the plaintiff was not disabled, but the Tenth Circuit Court of Appeals held that the administrative law judge had erroneously failed to discuss an examining doctor's assessment of only an occasional ability to stoop. *Parton v. Apfel*, 3 Fed. Appx. at 827; *accord Butler v. Barnhart*, 353 F.3d 992, 1001-1003 (D.C. Cir. 2004) (holding that the administrative law judge had erred by finding that the claimant could engage in occasional stooping and failing to discuss a treating doctor's opinion regarding an inability to engage in any stooping).

III.  NOTICE OF RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court.  *See* 28 U.S.C. § 636(b)(1) (2000).  The objections are due September 19, 2008.  *See* W.D. Okla. LCvR 72.1.  If a party does not file written objections, he would waive any right to appellate review.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

IV.  STATUS OF THE REFERRAL

The referral is terminated.

Entered this 29th day of August, 2008.

_____
Robert E. Bacharach
United States Magistrate Judge